PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER MARK YOUNG,<br><br>　　　　Defendant. | CASE NO. 2:20-CR-238-JAM<br><br>STIPULATION AND ORDER REGARDING SUPERVISED RELEASE REVOCATION HEARING AND CONSENT TO APPEAR BY VIDEO CONFERENCE<br><br>DATE: March 30, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. John A. Mendez |

On March 2, 2021, this matter came on for an Admit/Deny Hearing, before Judge John A. Mendez, on the Amended Petition for Warrant for Person Under Supervision, filed by the United States Probation Office for the Northern District of California.[1] ECF Nos. 1, 7. Mr. Young, through counsel, denied all six charges alleged in the petition and requested an evidentiary hearing. ECF No. 7. The Court set the evidentiary hearing regarding the alleged supervised release violations (a.k.a. supervised release revocation hearing) for March 30, 2021, at 10 a.m. *Id.*

By this stipulation, the parties acknowledge that this hearing may go forward by videoconference in the interests of both justice and public safety, and that the defendant waives his right to be physically

---

[1] This case was originally filed in the Northern District of California. Case No. 5:10-CR-825 (N.D. Cal.). The U.S. Probation Office for the Northern District of California filed the Amended Petition on December 1, 2020. Case No. 5:10-CR-825-EDJ, ECF No. 143. On December 17, 2020, the case was transferred from the Northern District of California to this Court. *See* Transfer of Jurisdiction, ECF No. 1.

STIPULATION AND ORDER TO PROCEED BY VIDEOCONFERENCE

1

present and consents—with his counsel concurring in that consent—to appearance by videoconference.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). On March 29, 2020, the Judicial Conference of the United States determined that the COVID-19 pandemic "will materially affect the functioning of the federal courts generally[.]" Under Section 15002(b)(1) of the CARES Act, that finding allows the chief judge of each federal district court to authorize temporarily the use of video or telephone conferences for all criminal proceedings covered by the Act, which include hearings for revocation of probation or supervised release under Federal Rule of Criminal Procedure 32.1.

Indeed, on June 29, 2020, the Chief Judge of this District, per General Order 620, specifically authorized "the use of videoconferencing, or telephone conferencing if videoconference is not reasonably available, for all events listed in Section 15002(b) of the CARES Act, including … [p]robation and supervised release revocation proceedings under Fed. R. Crim. P. 32.1." The Chief Judge extended this authorization for an additional 90 days, first on September 30, 3030 (General Order 624), and again on January 4, 2021 (General Order 628).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups and practice physical distancing (to no less than six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and

Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. To date, the Court's General Orders have continued the Court's closure and exclusions of time for purposes of calculating the date on which trial must occur, under the Speedy Trial Act.

9. Given these facts, it is essential that judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume. At the time of writing, vaccines to combat the virus have been developed, but their distribution is still in its early stages, and their impact on stemming the virus will take several months to reach appreciable effect.

10. The supervised release revocation hearing in this case accordingly cannot be further delayed on the basis of the public safety concerns generated by the current pandemic without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it

would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.  Moreover, the defendant is in custody, so a prompt resolution to this matter is in the interest of justice.

11. THEREFORE, under CARES Act § 15002(b), defendant, Christopher Mark Young, consents to proceed with this hearing by video-teleconference.  Defense counsel joins in this consent.

12. THEREFORE, the parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 628 have been satisfied in this case.  They request that the Court enter an order making the specific findings under the CARES Act and General Order 628.  Specifically, for the reasons further set forth below, the parties agree that:

    a) The revocation hearing in this case cannot be further delayed without harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California, and the additional backlog of cases that is likely to increase in this district if criminal matters do not proceed by videoconference when the defendant consents.

    b) Under CARES Act § 15002(b), the defendant acknowledges that he has the right to be physically present for this hearing, but waives that right, and consents to proceed with a remote hearing by videoconference.

    c) Defendant's counsel, Mark Reichel, joins in his client's acknowledgment, waiver, and consent.

IT IS SO STIPULATED.

Dated:  March 8, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  March 8, 2021

/s/ MARK REICHEL
MARK REICHEL
Counsel for Defendant
CHRISTOPHER MARK YOUNG

(*Findings and Order on following page*.)

**FINDINGS AND ORDER**

The Court adopts the findings above.

1. Further, the Court finds specifically that:

    a) The supervised release revocation hearing in this case, which the Court has set for March 30, 2021, at 10 a.m., cannot be further delayed without serious harm to the interest of justice; and

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference, with his attorney joining in that consent.

2. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 628, the supervised release revocation hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 10th day of March, 2021.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE